The document below is hereby signed.

Signed: August 24, 2009.



*/s/ S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
           UNITED STATES BANKRUPTCY COURT
            FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
IVAN RUSSELL LEE,             )   Case No. 09-00406
                              )   (Chapter 13)
          Debtor.             )   Not for publication in
                              )   West's Bankruptcy Reporter
```

## MEMORANDUM DECISION RE MOTION TO REOPEN CASE

The debtor has filed a motion to vacate the order that dismissed this case without prejudice, calling the motion a motion to reopen the case. The motion will be denied for the following reasons.

The debtor commenced this case on May 12, 2009. The debtor was required to file his schedules, his statement of financial affairs, and certain other papers within 15 days after the commencement of the case. He filed a motion for extension of the time and was granted until June 9, 2009 to file the required papers. When he appeared for an examination at the meeting of creditors on June 20, 2009, he still had not filed the required documents, thus frustrating the conduct of the meeting.

Failure of a debtor timely to file required documents

constitutes a ground for dismissal of the case, although it does not always require dismissal.  But 11 U.S.C. § 521(i) makes dismissal on the ground mandatory, in certain circumstances.  Unless one of certain exceptions applied, the debtor was required under § 521(i) to file the required documents no later than the 45th day after the commencement of the case in order to avoid the automatic dismissal provisions of § 521(i).  The 45th day after the commencement of the case on May 12, 2009, was June 26, 2009.  The debtor failed to file a motion on or before June 26, 2009 to extend the 45-day deadline, and accordingly the exception in § 521(i)(3) (permitting the debtor to request an extension before the 45-day deadline expires) did not apply.  The debtor filed a motion on June 27, 2009 for a further extension of time to file the required papers, but that motion was not made within 45 days after the date of the filing of the petition, and accordingly, the court was not free to grant the debtor an enlargement of the 45-day deadline pursuant to that motion.  (In any event, the motion only requested an extension until July 9, 2009, and the required documents were not filed by July 9, 2009.)  No other exceptions to the automatic dismissal provision were applicable.

    The chapter 13 trustee filed a motion to dismiss the case with prejudice on June 24, 2009, pointing out that the debtor had not complied with the court's order to file required documents by June 9, 2009, and noting that under § 521(i) dismissal was

2

mandatory (or, she should have more accurately stated, would be mandatory three days later on June 27, 2009, the 46th day after the commencement of the case).

Despite the motion to dismiss and an impending hearing on that motion set for July 17, 2009, the debtor still failed to file the required documents.  The debtor failed to appear at the hearing on the motion to dismiss which was held on July 17, 2009, and by an order entered on July 20, 2009, the court dismissed the case on the basis that § 521(i) required dismissal, but the court declined to dismiss the case with prejudice.

On August 8, 2009, twenty-two days after the court entered the dismissal order, the debtor filed his motion to "reopen" the case.  Only on August 8, 2009, did the debtor also finally file his schedules and statement of financial affairs, 57 days after the commencement of the case.

The debtor's failure to file required documents by the court-ordered extension date of June 9, 2009, and to have still failed to file the documents by the July 17, 2009, hearing on the motion to dismiss constituted cause to dismiss the case, and the debtor's failure to appear at the hearing on the motion to dismiss and to articulate grounds why the court should not dismiss the case based on that failure, fully justified the court's order of dismissal.  Nothing in the debtor's motion to "reopen" sets forth adequate grounds to set aside a dismissal

which was fully justified.  Bankruptcy relief is not available to those who file required documents only once they get around to it and who disregard court-imposed deadlines and fail to appear at hearings to address dismissal based on such disregard.

In any event, § 521(i) made dismissal mandatory.  The debtor is simply mistaken in contending that his June 27, 2009, motion was sufficiently timely to qualify as a timely motion under § 521(i)(3).  Even if that contention were correct, the debtor has not offered any justification for waiting 22 days after entry of the order of dismissal to raise that contention, and such a delay is destructive of the orderly processing of this bankruptcy case.

An order follows denying the motion to "reopen."

[Signed and dated above.]


Copies to:

Debtor; debtor's attorney; trustee.